UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALIFAH E.D. SAIF'ULLAH, aka Fernando A. Jackson, C14257,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA SUPREME COURT, et al.,<br><br>Defendant(s). | Case No. 23-cv-02264-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

**I.**

Plaintiff, a California state prisoner incarcerated at San Quentin State Prison and frequent litigant in federal court, has filed a pro se complaint under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the law enforcement misconduct statute 42 U.S.C. § 14141, seeking an order compelling the California Supreme Court to order the state lower courts to "follow the mandate" of the state high court's decision in In re Palmer, 10 Cal. 5th 959 (2021), and apply it to plaintiff's state habeas case seeking release from his continued incarceration on a "7 years to life sentence for kidnaping for ransom that took place in 1978." ECF No. 1 (Compl.) at 3, 4.

**II.**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### III.

Section 601 of Title VI provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.  This section creates a private cause of action for "both injunctive relief and damages." Alexander v. Sandoval, 532 U.S. 275, 279 (2001).  But it covers "only instances of intentional discrimination." Id. at 281 (internal quotation marks and citation omitted).

The two essential elements of a private cause of action claim under Section 601 of Title VI are that (1) there is intentional discrimination on a prohibited basis and that (2) the entity engaged in the intentional discrimination is receiving federal financial assistance.  But to state a claim for a violation of Section 601 of Title VI, "a plaintiff must show, through specific factual allegations, that (1) the defendant discriminated on a prohibited basis; (2) the discrimination was intentional; and (3) the discrimination was a substantial or motivating factor for the defendant's action." Biswas v. City of New York, 973 F. Supp.2d 504, 531 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

Plaintiff alleges that the California state courts have "engaged in an ongoing pattern of . . . discrimination" by denying the benefits of the state supreme court's mandate in In re Palmer, 10 Cal. 5th 959 (2021), to prisoners like himself who are "similar[ly] situated" to the petitioner in Palmer.  ECF No. 1 at 4, 5.  In ruling on Palmer's petition for a writ of habeas corpus, the California Court of Appeal concluded that Palmer's then-completed term of imprisonment of 30 years that he had served on a life sentence for an aggravated kidnapping committed when he was a juvenile had become unconstitutionally excessive and ended his parole, but the California Supreme Court reversed, holding that, in the absence of any persuasive argument from Palmer that his parole term had become constitutionally excessive, his parole remained valid.  See In re Palmer, 10 Cal. 5th 959 (2021).  Plaintiff argues that the excessive term of incarceration the California Court of Appeal found in Palmer was not "overturned" by the California Supreme Court and must be applied to "similar[ly] situated prisoner[s]" like himself who remain

imprisoned for 30 or more years on a life sentence for aggravated kidnapping committed while they were juveniles.  Id. at 3.  Plaintiff seeks an order under Section 601 of Title VI compelling the California Supreme Court to order the state lower courts to apply the excessive term of incarceration found by the California Court of Appeal in Palmer to his state habeas case seeking release from his continued incarceration.

Unfortunately for plaintiff, a private cause of action under Section 601 of Title VI is limited to instances in which "(1) the defendant discriminated on a prohibited basis; (2) the discrimination was intentional; and (3) the discrimination was a substantial or motivating factor for the defendant's action." Biswas, 973 F. Supp.2d at 531.  And there is no indication whatsoever here that in not extending the purported mandate of Palmer to petitioner's state habeas cases, the California state courts have discriminated based on "race, color, or national origin," 42 U.S.C. § 2000d, or that the discrimination was "intentional" or "a substantial or motiving factor" for the state courts' decisions, Biswas, 973 F. Supp.2d at 531.  Accordingly, plaintiff's claim for relief under Section 601 of Title VI must be dismissed.

### IV.

Section 14141 of Title 42 provides:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 14141(a).  Actions authorized by this statute may be brought by the United States Attorney General,

> [w]henever the Attorney General has reasonable cause to believe that a violation of paragraph (1) [sic] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

Id. § 14141(b).

/

Plaintiff's claim for relief under 42 U.S.C. § 14141 is meritless. "42 U.S.C. § 14141(a) only applies to conduct by law enforcement officers or by employees of governmental agencies 'with responsibility for the administration of juvenile justice or the incarceration of juveniles' and does not create a private cause of action." Cordell v. Town of Signal Mountain, No. 1:13-cv-137, 2014 WL 5704662, at *4 (E.D. Tenn. Nov. 5, 2014). Accord Chaney v. Races and Aces, 590 Fed. Appx. 327, 330 (5th Cir. Nov. 4, 2014) (dismissing pro se plaintiff's claim for declaratory relief under § 14141 and noting that "[a] claim under 42 U.S.C. § 14141 may only be brought by the Attorney General, for or in the name of the United States") (internal quotation marks omitted); Hopson v. Secret Service, No. 3:12 cv-770, 2013 WL 504921, at *2 (W.D. Ky. Feb. 6, 2013) (§ 14141 "only applies to juveniles" and "does not create a private cause of action"). Accordingly, plaintiff's claim for relief under 42 U.S.C. § 14141 must be dismissed.

**V.**

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: August 16, 2023

CHARLES R. BREYER
United States District Judge